## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WRINKL, INC.,

       Plaintiff,

   v.

META PLATFORMS, INC., WHATSAPP,
LLC, and INSTAGRAM, LLC,

       Defendants.

Civil Action No. 20-1345-RGA

## MEMORANDUM OPINION

Kelly Allenspach Del Dotto, Nitika Gupta Fiorella, FISH & RICHARDSON P.C., Wilmington,
DE; Chet D. Campbell, Steven R. Katz, Adam J. Kessel, Lawrence K. Kolodney, Kayleigh E.
McGlynn, Frank E. Scherkenbach, FISH & RICHARDSON P.C., Boston, MA,

    Attorneys for Plaintiff.

Karen Jacobs, Jennifer Ying, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington,
DE; Gabriel K. Bell, Tara D. Elliott, LATHAM & WATKINS LLP, Washington, DC; Richard
G. Frenkel, LATHAM & WATKINS LLP, Menlo Park, CA,

    Attorneys for Defendants.

October 19, 2023

*Richard G. Andrews*

**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Before me are cross-motions to dismiss claims related to U.S. Patent Nos. 9,860,198

('198 patent) and 10,728,192 ('192 patent). (D.I. 39, 42). I stayed this case (D.I. 33) after the

Patent Trial and Appeal Board instituted inter partes review of the two patents. The PTAB

invalidated 50 of the 54 claims asserted in this suit. (D.I. 43 at 1, D.I. 44 at 1). Plaintiff Wrinkl

appealed the PTAB's Final Written Decisions, but the parties later jointly moved to dismiss the

appeals. (D.I. 40 at 4). The parties now agree that this case should be dismissed. They disagree,

however, on whether the case should be dismissed with prejudice or without prejudice.

Plaintiff moves to dismiss all claims in the '198 and '192 patents without prejudice and

with each party paying its own attorneys' fees and costs, or, in the alternative, to dismiss the

surviving claims of the two patents without prejudice and all other claims with prejudice. (D.I.

39). Defendants Meta Platforms, WhatsApp, and Instagram move to dismiss all claims with

prejudice, or, in the alternative, to dismiss all claims without prejudice and without assignment

of fees and costs. (D.I. 42). The motions have been fully briefed. (D.I. 40, 43, 44, 45).

## I.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the

plaintiff's request only by court order, on terms that the court considers proper." Dismissals

under Rule 41(a)(2) are granted without prejudice, unless a court finds otherwise. Fed. R. Civ. P.

41(a)(2). Ultimately, the decision to order a dismissal pursuant to Rule 41 is committed to my

discretion. *Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir. 1974).

Third Circuit law favors the grant of voluntary dismissals. *See In re Paoli R.R. Yard*

*PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990). A motion for voluntary dismissal should be

granted unless the dismissal will result in legal prejudice to the defendant. *Sanitec Indus., Inc. v.*

*Sanitec Worldwide, Ltd.*, 2006 WL 890880, at *1 (D. Del. Apr. 3, 2006).  In determining whether legal prejudice will result from dismissal of the claim, "a court should consider 1) any excessive and duplicative expense of a second litigation; 2) the effort and expense incurred by a defendant in preparing for trial; 3) the extent to which the pending litigation has progressed; and 4) the claimant's diligence in moving to dismiss."  *Reach & Assocs. v. Dencer*, 2004 WL 253487, at *1 (D. Del. Feb. 9, 2004) (cleaned up).

## II.   DISCUSSION

### A.  Dismissal with Prejudice

Plaintiff requests that I dismiss this action without prejudice, with each party bearing its own attorneys' fees and costs.  Plaintiff contends it "has never specifically alleged infringement" of the surviving claims.  (D.I. 40 at 6).  Plaintiff argues that the surviving claims relate to the display of advertisements in instant messaging software, and that this feature is absent from the exemplary claims asserted in its Complaint.  (*Id.* at 5).[1]  Plaintiff also contends that no discovery has occurred on the technology recited in these claims.  Plaintiff notes that only one set of Requests for Production was served in this case.  (*Id.* at 6).  Plaintiff states that the case was stayed before service of infringement contentions.  (D.I. 44 at 1).

Based on the lack of discovery, Plaintiff contends it does not have any information to suggest Defendants infringe the four surviving claims.  (*Id.* at 1–2).  Plaintiff wishes to "retain[] the right to assert these claims should it uncover evidence of infringement in the future."  (*Id.* at 4).  Plaintiff also contends that Defendants "tellingly" did not challenge the claims before the

---

[1] Throughout its opening brief, Plaintiff stated that only claims 10, 21, and 29 of the '192 patent survive after the IPR proceedings.  (*See generally* D.I. 40).  Plaintiff later acknowledged that there are four surviving claims.  (D.I. 44 at 1).  The fourth surviving claim, claim 24 of the '198 patent, relates to the removal of a link from a transmitted message.  (D.I. 43 at 3–4).

PTAB, and that the surviving claims are presumed valid. (*Id.* at 6). Plaintiff argues that

Defendants "surely would have put these four claims into IPR" if they believed the claims were

invalid. (*Id.* at 6–7).

Plaintiff alternatively requests that I dismiss the invalidated claims with prejudice and the

surviving claims without prejudice. (D.I. 40 at 7). Plaintiff states, not surprisingly, that it does

not intend to assert the invalidated claims. (*Id.* at 6–7). Plaintiff contends it is unaware of cases

stating that "parts of the action cannot be dismissed with prejudice if other parts are dismissed

without prejudice." (*Id.* at 7).

Defendants argue that the Complaint should be dismissed with prejudice. (D.I. 43 at 1).

Defendants contend there is no legal support or precedent for the "unconventional approach" of

dismissing some patent claims with prejudice and others without prejudice in the same action.

(*Id.* at 2). Defendants also argue that the four surviving claims "do not add any additional

limitations that were not already known and disclosed such that they would meaningfully offer

permissible scope beyond the invalidated claims." (*Id.*). Defendants therefore contend that

"there is no conceivable way" for Plaintiff to assert the surviving claims against Defendants in

the future. (*Id.* at 4). Defendants argue that the doctrines of claim preclusion and issue

preclusion support its position. (*Id.* at 4–5). Defendants also note that they were limited to

14,000 words in their IPR petitions and contend that omitting the four surviving claims "does not

render them materially different" from the invalidated ones. (D.I. 45 at 2).

I agree that voluntary dismissal is proper in this case. First, Defendants do not oppose a

voluntary dismissal; they cross-moved to dismiss after Plaintiff filed its motion. Second, I find

that dismissing this case would not cause legal prejudice to Defendants. Defendants have not

incurred significant effort and expense in preparing for trial because this case was stayed before

4

contentions were served and before discovery occurred.  Further, Plaintiff promptly moved to

dismiss this case because it filed its motion about one month after the dismissal of its IPR appeal.

Plaintiff's argument for dismissing 50 of the 54 patent claims with prejudice and the

remaining claims without prejudice is unpersuasive.  Plaintiff's position lacks legal support.  I

find that dismissal with prejudice is warranted under Rule 41 for all claims in the '192 and '198

patents. Because I find that a dismissal with prejudice is proper under Rule 41, I do not address

Defendants' arguments about claim preclusion and issue preclusion.  I note that the dismissal

with prejudice does not prevent Plaintiff from asserting the four surviving claims against anyone

other than Defendants in this case.

### B.  Fees

Plaintiff argues I should order each side to bear its own attorneys' fees and costs.  (D.I.

40 at 7).  Plaintiff contends there is no basis to shift fees here.  Plaintiff argues that Defendants

cannot establish this is an "exceptional" case under 35 U.S.C. § 285 because Plaintiff pursued its

patent case "efficiently and in good faith."  (*Id.* at 8–9).

Defendants argue that I should not adjudicate fees and costs at this time.  (D.I. 43 at 6).

Defendants contend that a fee request is an unripe issue.  (*Id.*).  Defendants request that I either

dismiss the case with prejudice, with each party bearing its own fees and costs, or dismiss the

case without prejudice and without assigning fees and costs.  (*Id.* at 8).

Defendants' proposal for dismissal with prejudice of all claims provides that each party

bear its own attorneys' fees and costs.  (D.I. 42).  Plaintiff agrees that each party should bear its

own attorneys' fees and costs regardless of how the case is dismissed.  (D.I. 39-1).  I therefore

order each party to bear its own attorneys' fees and costs.

## III.   CONCLUSION

For the reasons discussed above, I will deny Plaintiff's motion to dismiss and grant

Defendants' motion to dismiss.  An accompanying order will be entered.